IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>        Plaintiff,<br><br>     v.<br><br>DARRELL L. KADUNCE,<br>        Defendant. | )<br>)<br>)<br>)   Civil Action No. 07-1704<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              October 20, 2008

      This is a tax collection case. Plaintiff, the United States of America (United States), seeks to reduce to judgment federal income, employment, and unemployment tax assessments against defendant, Darrell L. Kadunce, pursuant to 26 U.S.C. §§ 7401 and 7402. Plaintiff seeks payment of the unpaid tax amounts, penalties, and interest.

      Plaintiff has filed a motion for summary judgment alleging that it has established a prima facie case as to defendant's liability. Defendant opposes the motion and argues that summary judgment cannot be granted because plaintiff selectively prosecuted this action and the Internal Revenue Service (IRS) arbitrarily rejected his offer in compromise. For the reasons set forth below, plaintiff's motion for summary judgment [doc. no. 15] will be granted.

## I. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are not in dispute. We construe all other facts in the light most favorable to defendant, the non-moving party.

On the following dates, the IRS issued the following income, employment, and/or unemployment tax assessments against defendant. These assessments are shown on the Certificates of Assessments, Payments, and Other Specified Matters, Form 4340, attached to the declaration of IRS Technical Advisor Steven Kovscek.

| Tax Type | Tax Period | Assessment Date | Amount Assessed |
|---|---|---|---|
| Income | 1996 | 9/29/1997 | $27,774 |
| Income | 1998 | 12/27/1999 | $72,989 |
| Income | 1999 | 4/9/2001 | $27,890 |
| Income | 2000 | 11/27/2006 | $3,774 |
| Income | 2001 | 11/5/2007 | $31,075 |
| Income | 2002 | 12/4/2006 | $64,023.15 |
| Income | 2004 | 10/30/2006 | $41,845 |
| Income | 2005 | 2/26/2007 | $39,110 |
| Employment | 4Q 1999 | 4/3/2000 | $3,095.78 |
| Employment | 1Q 2000 | 6/12/2000 | $2,717.03 |
| Employment | 3Q 2000 | 12/11/2000 | $2,279.88 |
| Employment | 4Q 2000 | 3/19/2001 | $2,453.75 |
| Employment | 1Q 2001 | 6/18/2001 | $2,821.66 |
| Employment | 3Q 2001 | 4/22/2002 | $3,153.91 |

| Employment | 4Q 2001 | 4/22/2002 | $3,121 |
| Employment | 3Q 2004 | 3/7/2005 | $1,555.62 |
| Employment | 2Q 2005 | 9/12/2005 | $1,576.67 |
| Unemployment | 2003 | 4/19/2004 | $112 |

Plaintiff certified that defendant, despite receiving these notices, refused to pay in full the amounts owed by him. Accordingly, as of April 28, 2008, defendant's outstanding tax liability for the aforementioned assessments was $480,750, including accrued interest and penalties. Defendant does not dispute that he owes the taxes in question. In his brief, he concedes that "[t]he issue in this case is not whether Mr. Kadunce owed the taxes in question. Mr. Kadunce has not disputed that."

On July 23, 2007, defendant filed an offer in compromise with the IRS. In his offer in compromise, defendant stated that he had "insufficient funds to pay the full amount [of his taxes owed]" and instead offered to pay the government $63,675 in exchange for the elimination of his tax liability. On October 26, 2007, the IRS rejected defendant's offer in compromise, stating that "[w]e have determined that your offer was submitted solely to hinder or delay our collection actions which are expected to collect significantly more than the amount you have offered." Defendant did not appeal this decision.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party.

4

Id. at 248-49. Under these standards, the non-moving party must do more than show there is "some metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Although inferences must be drawn in favor of the non-moving party, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990). Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)); see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit").

The non-moving party has the burden of producing evidence to establish each element of her claim. Celotex, 477 U.S. at 322-23. The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which she bears the burden of production. Anderson, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec., 475 U.S. at 587 (citations omitted).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in her favor. It is on this standard that the court has reviewed defendant's motion and plaintiff's response thereto.

### III. DISCUSSION

Plaintiff contends that it is entitled to summary judgment on its tax assessments against defendant. Defendant, however, asserts that summary judgment is not appropriate because plaintiff is selectively prosecuting this action against him and because the IRS arbitrarily rejected his offer in compromise.

The law is clear that tax assessments made by the IRS are presumed to be correct and they establish a prima facie case of liability against a taxpayer. See Freck v. Internal Revenue Serv., 37 F.3d 986, 991-92 n.8 (3d Cir. 1994); Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971). The taxpayer then has the burden

6

of proving that the assessments are wrong. Welch v. Helvering, 290 U.S. 111, 115 (1933).

Here, it is undisputed that plaintiff has valid assessments for the tax years 1996, 1998, 1999, 2000, 2001, 2002, 2004, and 2005. The assessments are proven by the Certificates of Assessments, Payments, and Other Specified Matters, Form 4340, attached to the declaration of Mr. Kovscek. See United States v. Green, No. 01-3849, 2002 WL 31513379, at *4 (E.D. Pa. Oct. 22, 2002) (relying on a Form 4340 as proper proof of a valid federal tax assessment). According to Mr. Kovscek, the amount defendant still owes the IRS from his unpaid taxes, interest, and penalties is $480,750, as of April 28, 2008.

In response, Defendant admits that he "owe[s] the taxes in question" and that his "liability for the taxes in question is not disputed." Defendant, therefore, fails to meet his burden of producing any evidence showing that there is a genuine issue of material fact with respect to defendant's assessed federal taxes. Accordingly, we hold that there is no genuine issue of material fact as to the validity of the assessments for the taxes, interest, and penalties against defendant for the years as issue. It is undisputed that defendant owes plaintiff for taxes, interest, and penalties in the amount of $480,750, plus interest and statutory additions that have accrued since April 28, 2008.

Despite his failure to dispute the amount of taxes he owes to the government, defendant argues that summary judgment is inappropriate because plaintiff impermissibly selectively prosecuted this action and the IRS improperly denied his offer in compromise. We disagree.

A. Selective Prosecution

To establish a prima facie case of selective prosecution, defendant must establish that (1) "persons similarly situated have not been prosecuted"; and (2) "the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989); United States v. Torquato, 602 F.2d 564, 569 n.8 (3d Cir. 1979).

Defendant fails to establish either prong of the selective prosecution standard. First, defendant alleges that plaintiff selectively targeted him "while literally thousands, if not tens of thousands, of similarly situated tax lien debtors are not so prosecuted ... ." Defendant, however, has not put forth any evidence in support of this allegation. The record is blank with respect to other similarly situated taxpayers who have not been prosecuted. Accordingly, defendant failed to create an issue of

8

material fact with regard to whether he was prosecuted when others similarly situated were not. See Schoolcraft, 879 F.2d at 69 (upholding district court's denial of a motion to dismiss because defendant "merely alleged, without any supporting evidence, that he was the victim of selective prosecution"); United States v. Conley, 859 F.Supp. 909, 937-38 (W.D. Pa. 1994) (denying motion to dismiss on account of selective prosecution because defendant failed to proffer any specific evidence that other similarly situated persons were not prosecuted, despite defendant's broad statements in support of his selective prosecution theory).

Second, defendant also fails to establish that plaintiff's decision to prosecute was made pursuant to an unjustifiable standard. Defendant's brief is silent on the issue of why plaintiff allegedly is treating him differently. Because the "defendant bears the heavy burden of establishing, at least prima facie ... that the government's discriminatory selection of him for prosecution has been invidious or in bad faith ...", see Torquato, 602 F.2d at 569 n.8, and defendant has failed to suggest, much less show, a discriminatory basis for the alleged selective prosecution, we hold that defendant's defense must fail.

Accordingly, because we find that defendant has failed to establish that plaintiff singled him out for prosecution and that plaintiff had an invidious reason for doing so, we hold that

defendant's selective prosecution defense is meritless and is no defense against plaintiff's prima facie case of liability.

B. Offer in Compromise

Defendant also contends that plaintiff's motion for summary judgment must be denied because there is a genuine issue of material fact as to whether the IRS's denial of defendant's offer in compromise was arbitrary. Plaintiff responds that defendant cannot now argue that the IRS wrongly denied his offer in compromise because defendant failed to exhaust his administrative remedies.

26 U.S.C.A. § 7122(a) authorizes the IRS to compromise "any civil or criminal case arising under the internal revenue laws" prior to the case being referred to the Department of Justice. Grounds for compromise include (1) doubt as to liability; (2) doubt as to collectibility; and (3) promotion of effective tax administration. 26 C.F.R. § 301.7122-1(b).

A taxpayer may appeal the denial of an offer in compromise to the IRS Office of Appeals. 26 U.S.C.A. § 7122(e). Specifically, a taxpayer may appeal "to the IRS Office of Appeals (Appeals) if, within the 30-day period commencing the day after the date on the letter of rejection, the taxpayer requests such an administrative review ... ." 26 C.F.R. § 301.7122-1(f)(5).

Defendant did not timely appeal to the IRS Office of

Appeals as required by 26 U.S.C.A. § 7122(e) and 26 C.F.R. § 301.7122-1(f)(5). A taxpayer who fails to timely appeal the denial of his offer in compromise cannot later request a review of the denial in district court.[1] See Cherbanaeff v. United States, 77 Fed.Cl. 490, 496-97 (2007) (explaining that the court lacks jurisdiction to review the IRS's denial of an offer in compromise and that the "statutory and regulatory provisions that deal with offers in compromise provide solely for an appeal to the IRS Office of Appeals"); Asemani v. United States, No. 04-0846, 2004 WL 2649718, at *2-3 (M.D. Pa. Oct. 19, 2004) (holding that no jurisdictional basis exists for a district court to review a denial of an offer in compromise). Accordingly, defendant's alleged arbitrary rejection to the offer in compromise is meritless and no defense against plaintiff's prima facie case of liability.

---

[1] We note that a taxpayer may seek review in the Tax Court after an IRS due process hearing held pursuant to 26 U.S.C.A. § 6330. Taxpayers receive a section 6330 hearing upon request after receiving an IRS notice of intent to levy. See Cherbanaeff v. United States, 77 Fed.Cl. 490, 497 n.9 (2007); 26 U.S.C.A. § 6330(b). Because defendant failed to timely request a due process hearing pursuant to 26 U.S.C.A. § 6330(b), he also cannot now request a review in the Tax Court. See Cherbanaeff, 77 Fed.Cl. at 497 n.9; 26 U.S.C.A. § 6330(d).

IV. CONCLUSION

Defendant has failed to prove that the tax liability established by the Certificates of Assessments, Payments, and Other Specified Matters is wrong and has asserted no valid defense to liability. Accordingly, plaintiff is entitled to summary judgment. Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment [doc. no. 15] is GRANTED.

BY THE COURT:

_____, J.

cc: All Counsel of Record